Ramos v Hamelburg (2018 NY Slip Op 03913)





Ramos v Hamelburg


2018 NY Slip Op 03913


Decided on May 31, 2018


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on May 31, 2018

Sweeny, J.P., Richter, Andrias, Kahn, Moulton, JJ.


6740 305698/12

[*1]Magali Ramos, Plaintiff-Appellant,
v
Daniel Hamelburg, Defendant-Respondent.


Cascione, Purcigliotti & Galluzzi, P.C., New York (Thomas G. Cascione of counsel), for appellant.
Armienti, DeBellis, Guglielmo & Rhoden, LLP, New York (Mohammad M. Haque of counsel), for respondent.



Order, Supreme Court, Bronx County (Norma Ruiz, J.), entered on or about July 17, 2017, which granted defendant's motion for summary judgment dismissing the complaint, unanimously affirmed, without costs.
The record demonstrates conclusively that defendant cannot be held liable under Pennsylvania law for the injuries that plaintiff alleges she sustained while a guest at his Pennsylvania home when another guest jumping on a trampoline lost control and fell on her. A property owner may be held liable to "social guests," as opposed to "business visitors" (see Davies v McDowell Natl. Bank , 407 Pa 209, 213 [1962]), only if he "knows or has reason to know of the [dangerous] condition and should realize that it involves an unreasonable risk of harm" and "fails to exercise reasonable care to make the condition safe, or to warn the licensees of the condition and the risk involved," and the guests "do not know or have reason to know of the condition and the risk involved" (Sharp v Luksa , 440 Pa 125, 129 [1970]). Plaintiff's deposition testimony and affidavit demonstrate that she understood the risks involved in using the trampoline, including the risks of using it with multiple jumpers.
To the extent the court failed to consider plaintiff's expert affidavit, we find that the affidavit could properly have been considered, but, in any event, it would not change the result.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: MAY 31, 2018
CLERK